**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION**

| | |
|---|---|
| LESLIE JONES McCLOUD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | NO. 2:07-CV-366 |
| ) | |
| CRUSADER NEWSPAPER GROUP, ) | |
| *et al.*, ) | |
| ) | |
| Defendants. ) | |

## **OPINION AND ORDER**

This matter is before the Court on the Request for Summary Judgment, filed by Plaintiff, on March 24, 2009. For the reasons set forth below, this request is **DENIED**.

BACKGROUND

On October 18, 2007, Plaintiff, Leslie Jones McCloud, brought a Title VII employment discrimination complaint against Defendants, Crusader Newspaper Group, Dorothy Leavell, Antonio Leavell, John Smith and Conrad. According to the allegations contained in Plaintiff's complaint, from the period of August 25, 2006 through January 10, 2007, she was subjected to a hostile work environment because based on her sex. Plaintiff worked at the Gary Crusader, where Defendant Antonio Leavell was manager and her boss.

This case has been full of motions by the Plaintiff, the

latest of which is a motion for summary judgment. In the instant motion, Plaintiff claims there is no genuine issue of material fact and that she is entitled to judgment as a matter of law.

DISCUSSION

The standards that generally govern summary judgment motions are familiar. Pursuant to Rule 56© of the Federal Rules of Civil Procedure, summary judgment is proper only if it is demonstrated that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See Nebraska v. Wyoming*, 507 U.S. 584, 590 (1993); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). In other words, the record must reveal that no reasonable jury could find for the nonmovant. *Karazanos v. Navistar Int'l Transp. Corp.*, 948 F.2d 332, 335 (7th Cir. 1991); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). In deciding a motion for summary judgment, a court must view all facts in the light most favorable to the nonmovant. *Anderson*, 477 U.S. at 255; *Nucor Corp. v. Aceros Y Maquilas De Occidente*, 28 F.3d 572, 583 (7th Cir. 1994).

The burden is upon the movant to identify those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits," if any, that the movant believes demonstrate an absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once the movant has met this burden, the nonmovant may not rest upon mere allegations but

"must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *Becker v. Tenenbaum-Hill Assocs., Inc.*, 914 F.2d 107, 110 (7th Cir. 1990); *Schroeder v. Lufthansa German Airlines*, 875 F.2d 613, 620 (7th Cir. 1989). "Whether a fact is material depends on the substantive law underlying a particular claim and 'only disputes over facts that *might affect the outcome* of the suit under governing law will properly preclude the entry of summary judgment.'" *Walter v. Fiorenzo*, 840 F.2d 427, 434 (7th Cir. 1988) (citing *Anderson*, 477 U.S. at 248).

"[A] party who bears the burden of proof on a particular issue may not rest on its pleading, but must affirmatively demonstrate, by specific factual allegations, that there is a *genuine* issue of material fact which requires trial." *Beard v. Whitley County REMC*, 840 F.2d 405, 410 (7th Cir. 1988) (emphasis in original); *see also Hickey v. A.E. Staley Mfg.*, 995 F.2d 1385, 1391 (7th Cir. 1993). Therefore, if a party fails to establish the existence of an essential element on which the party bears the burden of proof at trial, summary judgment will be appropriate.

Plaintiff's Request for Summary Judgment

As explained above, in filing a motion for summary judgment, the movant - the Plaintiff here - has the burden to show that an absence of a genuine issue of material fact exists. This is done in this District by setting forth a "'Statement of Material Facts,'

supported by appropriate citations to discovery responses, depositions, affidavits, and other admissible evidence, as to which the moving party contends there is no genuine issue." N.D. Ind. L.R. 56.1. providing the Court with evidence that supports her claims. Not only must the movant designate specific facts, but she must also cite to legal authority showing that she is entitled to judgment as a matter of law based on those facts. Only then can this Court determine whether summary judgment is appropriate.

In the instant request for summary judgment, Plaintiff describes how and why she believes Defendants discriminated against her. The problem is that Plaintiff does not provide any "Statement of Material Facts," to support her position. Instead, Plaintiff merely includes a number of unauthenticated and unverified documents attached as an exhibit to her motion. Plaintiff's failure to provide the evidence as required runs afoul of Local Rule 56.1(a) and, more fundamentally, deprives this Court of the ability to determine what evidence Plaintiff relies on to show that there is no genuine issue of material fact.

Not only has Plaintiff failed to point out what specific evidence in the record she relies upon, but she has also failed to cite to any legal authority (i.e. case law) showing that she would be entitled to judgment as a matter of law even if she had uncontroverted evidence to support her claims. These failures necessitate the denial of Plaintiff's instant motion. *Wienco, Inc. v. Katahn Assocs., Inc.*, 965 F.2d 565, 568 (7th Cir. 1992)("Where

the evidentiary matter in support of the motion does not establish the absence of a genuine issue, summary judgment must be denied . . ..").

Aside from the deficiencies in Plaintiff's recent filing, it cannot go unnoticed that Defendants have filed their response, containing a number of affidavits, controverting Plaintiff's contentions.  Thus, even had Plaintiff submitted a proper motion for summary judgment, it would have likely failed due to the conflicting evidence.

CONCLUSION

For the reasons set forth above, Plaintiff's request for summary judgment is **DENIED**.

**DATED:  June 18, 2009**             /s/RUDY LOZANO, Judge
                                      **United States District Court**