IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| LESLIE JONES McCLOUD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | NO. 2:07-CV-366 |
| ) | |
| CRUSADER NEWSPAPER GROUP, ) | |
| *et al.*, ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

This matter is before the Court on Defendant's Motion for Summary Judgment, filed on April 6, 2010. For the reasons set forth below, this motion is **GRANTED**. Accordingly, this case is **DISMISSED** with prejudice.

BACKGROUND

Plaintiff, Leslie Jones McCloud ("McCloud"), has brought an employment discrimination complaint against her former employer, Crusader Newspaper Group, and several former co-workers, alleging she was discriminated against based on her sex, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. section 2000e et seq.

Defendants have filed the instant motion for summary judgment,

seeking dismissal on a number of grounds. Not only do Defendants dispute that Plaintiff was discriminated against, but they raise a host of prefatory reasons as to why this case must be dismissed. Among those, the individual defendants, Dorothy Leavell, Antonio Leavell, and John Smith, seek dismissal from this case, arguing that Title VII does not impose individual liability. The Crusader Newspaper Group seeks dismissal, contending that it is not an employer, as that term is defined by Title VII, because it has employed less than fifteen (15) people at all relevant times.

DISCUSSION

Summary Judgment Standard

The standards that generally govern summary judgment motions are familiar. Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper only if it is demonstrated that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See Nebraska v. Wyoming*, 507 U.S. 584, 590 (1993); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). In other words, the record must reveal that no reasonable jury could find for the nonmovant. *Karazanos v. Navistar Int'l Transp. Corp.*, 948 F.2d 332, 335 (7th Cir. 1991); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). In deciding a motion for summary judgment, a court must view all facts in the light most favorable to the nonmovant.

*Anderson*, 477 U.S. at 255; *Nucor Corp. v. Aceros Y Maquilas De Occidente*, 28 F.3d 572, 583 (7th Cir. 1994).

The burden is upon the movant to identify those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits," if any, that the movant believes demonstrate an absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once the movant has met this burden, the nonmovant may not rest upon mere allegations but "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *Becker v. Tenenbaum-Hill Assocs., Inc.*, 914 F.2d 107, 110 (7th Cir. 1990); *Schroeder v. Lufthansa German Airlines*, 875 F.2d 613, 620 (7th Cir. 1989). "Whether a fact is material depends on the substantive law underlying a particular claim and 'only disputes over facts that *might affect the outcome* of the suit under governing law will properly preclude the entry of summary judgment.'" *Walter v. Fiorenzo*, 840 F.2d 427, 434 (7th Cir. 1988) (citing *Anderson*, 477 U.S. at 248).

"[A] party who bears the burden of proof on a particular issue may not rest on its pleading, but must affirmatively demonstrate, by specific factual allegations, that there is a *genuine* issue of material fact which requires trial." *Beard v. Whitley County REMC*, 840 F.2d 405, 410 (7th Cir. 1988) (emphasis in original); *see also Hickey v. A.E. Staley Mfg.*, 995 F.2d 1385, 1391 (7th Cir. 1993).

-3-

Therefore, if a party fails to establish the existence of an essential element on which the party bears the burden of proof at trial, summary judgment will be appropriate. In this situation, there can be "'no genuine issue as to any material fact', since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323.

Facts

In August of 2006, Plaintiff, Leslie Jones McCloud ("McCloud"), was hired as a reporter for Defendant, Gary Crusader Newspaper ("Crusader"). (Cmplt, Ex. A). The Crusader is a small, family-owned business that publishes news articles about local happenings and events in Gary, Indiana. (Smith Aff. ¶ 8). McCloud claims that she was an employee of the Crusader, but the Crusader considered her and independent contractor. (D. Leavell Aff. ¶ 3; Smith Aff. ¶ 4).

For the past ten years, the Crusader has always had less than 15 employees, which includes all times that McCloud worked there. (D. Leavell Aff. ¶ 2; Smith Aff. ¶ 9; Smith Second Aff. ¶ 2). Defendants Dorothy Leavell and John Smith are co-owners of the Crusader. (D. Leavell Aff. ¶ 1; Smith Aff. ¶ 1). Ms. Leavell's son, Antonio Leavell, assisted the Crusader with obtaining advertising and coordination for its Wednesday deadlines. (A.

Leavell Aff. ¶ 4).

McCloud claims that she worked in a hostile work environment from the time she was hired in August 2006 until she was terminated in December 2006. (Cmplt. p. 4). McCloud alleges that the hostile work environment was, in large part, due to the harassment she received from Antonio Leavell. In December 2006, McCloud and Antonio Leavell got into verbal altercation that ended with McCloud filing a police report.[1]  (Def. App. p. 20).

McCloud then sent a letter to Dorothy Leavell setting out the allegations she was making against Antonio Leavell. (D. Leavell Aff. ¶ 5). Dorothy Leavell sent a response letter to McCloud, wherein Dorothy Leavell explained that she concluded that at no time was McCloud under any physical threat. (D. Leavell Aff. ¶ 5). Nevertheless, Dorothy Leavell submitted a money order to McCloud in the sum of $508.00 in full settlement of matters in controversy between Plaintiff and the Crusader. (D. Leavell Aff. ¶ 5; Def. App. pp. 37-38). McCloud cashed this money order, but wrote "[n]o, it is not. This is not settled" on the money order. (D. Leavell Aff. ¶ 5; Def. App. pp. 37-38).

McCloud then filed a charge with the Equal Employment Opportunity Commission ("EEOC") against the Crusader claiming that:

---

[1] The details of the alleged hostile work environment and interaction between McCloud and Antonio Leavell have not been set out by admissible evidence and, thus, not explained fully here. However, as this case fails on the procedural grounds, the details surrounding the alleged hostile working environment is not necessary.

> I am a female who was employed by the Crusader Newspaper on August 25, 2006, as a News Coordinator. Although my employment status was that of an independent contractor, I believe the employer actually exercised significant control over my employment, such that I can establish an employee-employer relationship.
>
> During my employment, I was subjected to verbal abuse, harassment, intimidation and threats of physical violence by Antonio Leavell , General Manager and son of Publisher Dorothy Leavell. On December 20, 2006, Antonio Leavell became so enraged when I asked for a piece of equipment that I needed to transfer photos form my computer to his that I had to leave his office and return to my desk. His tirade included, "Bitch, I'll smoke you" so I thought it best I leave the office. Leavell told me that if I left the office I would be fired. I called John Smith (husband of the Publisher/step-father of Antonio), who told me not to call the police. This was not the first time that Antonio Leavell has verbally harassed and abused me during my employment.
>
> I received my regular cash paycheck on Dec. 29, 2006, only because John Smith intervened. Antonio refused to allow me back in the office to work. I turned in other work and was not compensated until I complained to Dorothy Leavell on January 10, 2007, the same day I filed a police report regarding Antonio. Ms. Leavell sent a money order [on] 1/17/07 for $508.00 and now considered the matter between us settled, although I do not. I believe the actions taken against me violated Title VII of the Civil Rights Act of 1964, as amended, because of my sex, female.

(Def. App. p. 24).

McCloud received her right to sue letter from the EEOC and proceeded to file a lawsuit here alleging that her rights under

Title VII had been violated.

Title VII of the Civil Rights Act

    The individual Defendants are entitled to summary judgment because Title VII does not impose individual liability.

Each of the individual Defendants, Dorothy Leavell, John Smith, and Antonio Leavell, seek dismissal of this case, arguing that they cannot be held personally liable under Title VII. Defendants are correct. They cannot be held personally liable for acts that allegedly violate Title VII. *Williams v. Banning*, 72 F.3d 552, 553-555 (7th Cir. 1995). Instead of individual liability, Title VII imposes liability upon employers for the acts of their agents. *Id.* Thus, the individual Defendants are not personally liable for the alleged discrimination. As such, the Court's inquiry focuses on the Crusader.

    The Crusader is entitled to summary judgment because it is not considered an "employee" under Title VII as it does not employ 15 or more employees

The Crusader claims that it cannot be held liable for any alleged Title VII violation because it is not an "employer," as that term is defined by Title VII. The statute defines an employer as an entity "engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year. . .." 42 U.S.C. § 2000e(b). Thus, Title VII only applies to firms

with more than fifteen employees. *Walters v. Metropolitan Educational Enterprises, Inc.*, 519 U.S. 202 (1997).

The uncontroverted evidence in this case establishes that the Crusader has employed less than fifteen employees at all relevant times. Thus, Title VII in inapplicable to the Crusader.

This Court finds that based on the uncontroverted facts in evidence, each Defendant is entitled to judgment as a matter of law.

CONCLUSION[2]

For the reasons set forth above, Defendants' motion for summary judgment is **GRANTED**. This case is dismissed with prejudice.

DATED: May 24, 2010            /s/RUDY LOZANO, Judge
                               **United States District Court**

---

[2] Because all Defendants are entitled to summary judgment for the reasons set out in this opinion, the Court did not reach the questions of: (1) whether McCloud was an independent contractor or employee of the Crusader; or (2) whether McCloud cashing the money order operated as a settlement agreement between the parties.